IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CLARKSBURG DIVISION

APRIL J. WESTFALL,

            Plaintiff,

v.                                             CIVIL ACTION NO. 1:05-cv-00118

KENDLE INTERNATIONAL, CPU, LLC, et al.,

            Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is plaintiff's motion for reconsideration [Docket 154], plaintiff's motion for a stay [Docket 153], West Virginia State Building and Construction Trades Council's Motion for Leave to File *Amicus Curiae Brief* [Docket 156], and the West Virginia Labor Federation, AFL-CIO's Motion for Leave to File *To Participate as An Amicus Curiae* by West Virginia Labor Federation, AFL-CIO [Docket 157].

The plaintiff asks the court to reconsider and reverse its Corrected Memorandum Opinion and Order and, alternatively, asks the court to certify a number of questions to the Supreme Court of Appeals of West Virginia. The court has carefully considered the plaintiff's requests and **DENIES** plaintiff's motion for reconsideration and **DENIES** plaintiff's motion in the alternative to certify these questions to the West Virginia Supreme Court. The plaintiff's motion for a stay is **DENIED as MOOT**. The motions to participate as an amicus curiae are **GRANTED**.

**I. Analysis**

The court has closely reviewed the plaintiff's motion for reconsideration. I address those issues that merit attention below.

**A. Federal Rule of Civil Procedure 23**

All class actions certified under *Federal Rule of Civil Procedure* 23 must meet the typicality, commonality, adequacy of representation, and numerosity requirements of Rule 23(a). The class action the plaintiff sought to certify under Rule 23 failed under Rule 23(a) considerations. The plaintiff made a motion for class certification based on Rule 23(b)(3). This court's discussion of Rule 23(b)(1) and (b)(2) was quite obviously prompted on analysis of the plaintiff's second, third, fourth, and fifth amended complaints that included Rule 23(b)(1) and (b)(2) language. The Rule 23(b) sections discussed by the court were not decisional because the motion failed under the Rule 23(a) analysis. Thus, certification would fail under Rule 23(b)(1), Rule 23(b)(2), or Rule 23(b)(3). (Mem. Op. & Order 18-24.)

**B. Factual issues**

Certain factual errors alleged in the plaintiff's motion for reconsideration deserve the court's particularized attention.

*1. The definition of the class*

In her motion for reconsideration, the plaintiff asserts that:

The Court relied upon the defendants' incorrect characterization of the proposed class rather than plaintiff's own definition of the class she sought to represent. Contrary to the Court's assertion otherwise, plaintiff has not sought to certify "all workers classified as independent contractors" as members of the class.

(Pl.'s Mot. Recons. ¶ 4(b).) The plaintiff argues that "[t]his assertion is apparently taken from the defendants' Joint Memorandum opposing class certification," and that the plaintiff's proposed

class included "only those independent contractors who, according to the admissions of the defendants' own managers, were treated identically with regard to the main factors that are considered in distinguishing employees from independent contractors." (Memo. Supp. Mot. Recons. 9.) The plaintiff reminds the court in her motion for reconsideration that she did not seek to add doctors or study monitors to the class.

The court used the description of the class that was in the plaintiff's own motion for class certification. In this motion, the plaintiff stated that she "brought this action on behalf of herself and all other individuals similarly situated *who were treated as independent contractors, rather than employees*, by [the defendants]." (Mot. Class Cert. 2 (emphasis added).) While the court understands that the plaintiff did not seek to add certain positions to the class, namely doctors and study monitors, the language used by the court to describe the class was the plaintiff's own language.

The plaintiff further contends that "the Court appears to have uncritically adopted the defendants' contention that the proposed class is made up of a variety of workers . . . ." and that the court "ignor[ed] the facts." (Memo. Supp. Mot. Recons. 8.) The plaintiff continues to argue that the relevant facts are the same for all members of the proposed class, that the alleged employees were "identically treated," and that the court ignored the relevant facts. This is a most surprising assertion in light of the contents of the plaintiff's reply brief in support of the motion for class certification that uses qualifiers. The qualifiers include "most employees,"[1] "in virtually

---

[1] "[M]ost employees are trained according to the protocols of the defendants . . . ."(Pl.'s Reply to Def.'s Resp. 14.)

every case,"[2] "with the exception of,"[3] "in most cases,"[4] and "for most of the hourly workers."[5] Because whether a worker is an independent contractor or an employee is an individualized inquiry, these differences would need to be taken into account by the court. Individualized inquiries are inappropriate in class certification cases. (Mem. Op. & Order 21-22.)

*2. Pay negotiations*

The plaintiff again mistakenly challenges the court's factual findings. The plaintiff states:

"Other findings by the Court are also at odds with the record. For example, the Court stated that the defendants "often do not allow for negotiations of pay," Mem. Op. at 15, whereas the evidence of record from defendants' witnesses established that the defendants *never* "allow for negotiations in pay" with any of the putative class members. Class Motion at 4 (stating that "[t]here are no negotiations as to the rate of pay that the potential class members will receive prior to commencing work" and citing supporting testimony from Janesko)."

(Memo. Supp. Mot. Recons. 11.)

The plaintiff apparently disagrees with the court's finding that the defendants "often" do not allow negotiations rather than their preferred finding that defendants never allow negotiations. In her reply brief for the class certification motion, the plaintiff points to Ms. Yolanda Kaull's deposition to support the proposition that defendants never allow negotiations.

---

[2] "[I]n virtually every case, the defendants train the hourly workers . . . ."(Pl.'s Reply to Def.'s Resp. 15.)

[3] "[W]ith the exception of IV nurses and phlebotomists . . . ." (Pl.'s Reply to Def.'s Resp. 15.)

[4] "[I]n most cases, the prospective class members could be and/or have been trained on the job." (Pl.'s Reply to Def.'s Resp. 16.)

[5] "[F]or most of the hourly workers, the working relationship with the defendants is long term. . . . [M]any of the proposed class members, like the plaintiff, have worked at the drug study unit for over five years." (Pl.'s Reply to Def.'s Resp. 16.)

The deposition testimony follows:

> Q. Now, my understanding from Ms. Westfall is that there was never any negotiation over what her hourly rate was. Do you have different notion of that?
> A. I believe –no.
> Q. Do you know of any – are any of the – which independent contractors is there kind of an arm's length negotiation over hourly rates with? Do you know?
> A. It would mainly be the physicians, the IV nurses, and the study monitors, the contract monitors.

(Yolanda Kaull Dep. 69:11-22, Mar. 29, 2006.)

In her motion for class certification, the plaintiff sought to include IV nurses in the proposed class. Thus, a finding that the defendants *never* allowed negotiations for members of the purported class would be erroneous in light of Ms. Kaull's deposition testimony regarding negotiations with IV nurses. The plaintiff cited this testimony in her reply brief. The plaintiff's assertion that the court's findings are at odds with the record are incorrect.

**C. Legal Analysis**

The plaintiff raises issues concerning the court's legal conclusions. None of these arguments have merit.

**III. Conclusion**

The plaintiff's motion for reconsideration is **DENIED.** The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: April 30, 2007

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE