**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**CLARKSBURG DIVISION**

APRIL J. WESTFALL,

                Plaintiff,

v.                                   CIVIL ACTION NO. 1:05-cv-00118

KENDLE INTERNATIONAL, CPU, LLC, et al.,

                Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the court are the plaintiffs' Motion for Award of Attorneys' Fees and Costs [Docket 255] and Supplemental Motion to Include Time Spent on Attorney Fee Motion and Reply [Docket 273]. For the reasons stated below, the motions are **GRANTED in part**. The court **ORDERS** the defendants to pay the plaintiffs $131,882.00 in attorneys' fees and $12,811.00 in costs. Also pending before the court is the plaintiffs' Motion to Exceed Page Limit on Plaintiffs' Reply [Docket 269]. For good cause shown, that motion is **GRANTED**.

**I.    Background**

On July 15, 2005, April Westfall initiated this lawsuit for payment of unpaid overtime, excess taxes paid, liquidated damages, interest, and attorneys' fees and costs under the West Virginia Wage Payment and Collection Act ("WPCA"), W. Va. Code § 21-5-1 (2006). (*See* Compl. ¶ 11 [Docket 1].) Ms. Westfall brought the case on behalf of herself and other similarly situated individuals and sought class certification of the WPCA claims. (*Id.* ¶¶ 7-8.) The plaintiffs did not assert any claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 210, *et seq.* The defendants timely removed the action to federal court, contending that the FLSA, rather than the

WPCA, applied to the plaintiffs' claims. (Notice of Removal 2-3 [Docket 1]). Thereafter, the plaintiffs amended their complaint to include a claim seeking unpaid overtime under the FLSA. (*See* Am. Compl. 8 [Docket 40].)

On June 1, 2006, the plaintiffs filed a motion for class certification, seeking certification of all claims under Rule 23 of the Federal Rules of Civil Procedure, or, in the alternative, certification of the state claims under Rule 23 and certification of the FLSA claims under Section 216 of the FLSA. (Mem. Supp. Pls.' Mot. Certify 6 [Docket 117].) The defendants moved for summary judgment on the plaintiffs' WPCA overtime claims and reimbursements of tax payments [Dockets 78 and 121].

In an Amended Memorandum Opinion and Order [Docket 245], I granted summary judgment in favor of the defendants in regard to both of the WPCA claims. I found that the "applicable law to recover overtime pay in this case is the FLSA," and, as a matter of law, the plaintiffs could not pursue their claim for overtime under the WPCA. As to the reimbursements of tax payments, I found that any alleged unpaid taxes were not recoverable as wages under the WPCA and, as a matter of law, the plaintiff could not pursue claims for federal taxes under the WPCA. As a result of the court's Order, only the plaintiffs' FLSA cause of action against the Kendle Defendants remained in the suit. In that same Opinion and Order, I preliminarily certified the plaintiffs' FLSA collective action and directed the named plaintiff to provide notice to the putative class.

Four putative class members opted in to the action. The named plaintiff, April Westfall, did not file a consent as required by the FLSA. On February 1, 2008, the defendants moved to decertify the collective action and to dismiss Ms. Westfall from the collective action for failure to file a

consent. I denied the defendants' motion to decertify, certified the FLSA collective action, and dismissed Ms. Westfall from the collective action.

Prior to trial, the parties entered into joint mediation that resulted in the settlement of this suit and a suit pending in the Circuit Court of Monongalia County, West Virginia asserting violations of the WPCA. As part of the settlement, the parties agreed that the plaintiffs would seek reasonable attorneys' fees and costs as permitted under the FLSA. The plaintiffs agreed to only seek fees and costs associated with the FLSA claims asserted in federal court, and they agreed to not seek fees for hours spent working on the pending state court case. Accordingly, plaintiffs' counsel filed its pending motion and application for payment and costs, requesting that the court grant it a total of $151,125.00 in attorneys' fees, representing a total of 565.6 hours, and $14,233.96 in costs[1]. (*See* Pls.' Mot. Att'ys Fees Costs [Docket 255].) Plaintiffs' counsel calculated this fee by first eliminating 194.5 hours of the total 938.4 hours for time spent working on "briefs responding to motions on which the plaintiffs did not prevail and those hours that could reasonably be considered to involve duplicate work." (*Id.* at 7.) In addition, plaintiffs' counsel "exercis[ed] their billing judgment and reduced the remaining hours by 20 percent (20%)," or 148.8 hours. (*Id.*) On August 14, 2008, the plaintiffs filed a Supplemental Motion for Attorney Fees to Include Time Spent on Attorney Fee Motion and Reply [Docket 273]. This motion requested an additional $11,625.00, representing 41.1 hours[2], for time spent on the plaintiffs' reply and negotiating the language of the

---

[1] On June 20, 2008, I granted the plaintiffs' Motion to Amend/Correct [Docket 262] their original motion for Fees and Costs, permitting the inclusion of $1,000 in costs representing the fee charged to plaintiffs by the mediator.

[2] This amount represents 22.6 hours at $300.00 for Allan N. Karlan, 4.4 hours at $300.00 for Jane E. Peak, and 14.1 hours at $250.00 for Sophie E. Zdatny.

settlement documents. With this addition plaintiffs' counsel request attorneys' fees of $162,750.00 and $14,233.96 in costs.

**II.     Analysis**

Each party in a lawsuit typically bears its own litigation costs unless there is an express statutory provision authorizing the recovery of fees and costs. *See Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975). Section 216(b) of the FLSA requires that a successful plaintiff receive attorneys' fees. 29 U.S.C. § 216(b) (providing that "[t]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action"). In calculating reasonable attorneys' fees, the court should begin by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). This calculation, known as the "lodestar" approach to fee setting, "provides an objective basis on which to make an initial estimate of the value of a lawyer's services." *Id*. After calculating the lodestar, the court should then consider several case-specific factors to determine whether to adjust the lodestar upward or downward. These factors are:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Barber v. Kimbrell's, Inc*. 577 F.2d 216, 226 (4th Cir. 1978).

"'[T]he most critical factor' in calculating a reasonable fee award 'is the degree of success obtained.'" *Brodziak v. Runyon*, 145 F.3d 194, 195 (4th Cir. 1998) (quoting *Hensley*, 461 U.S. at 436). Upon reviewing the pleadings, case history, and settlement agreement reached by the parties, I conclude that plaintiffs' counsel has achieved limited success by initiating its suit against the defendants. Under the mediation settlement, the four opt-in plaintiffs and April Westfall, who was excluded from the collective action, will receive all unpaid overtime wages and liquidated damages under the FLSA. These damages total approximately $4,520.00. The plaintiffs did not prevail on any claim raised in their original complaint, namely the state claims arising under the WPCA seeking unpaid overtime and reimbursement of taxes.

In the settlement, the defendants also agreed to convert their non-professional workers from independent contractors to employees. Plaintiffs' counsel also argues that the defendants' agreement to convert their non-professional workers from independent contractors to employees should be characterized as a victory. The defendants counter that such relief was not sought by the plaintiffs and could not have been obtained under the FLSA. I disagree. In their original complaint asserting state WPCA claims, the plaintiffs did seek equitable relief, and requested that the court "[p]ermanently enjoin the defendants from continuing to violate law [sic] of the State of West Virginia by treating their employees as independent contractors." (Compl. Prayer ¶ B.) In addition, plaintiffs' counsel submitted the affidavits of plaintiffs April Westfall and Ann Sandor stating that they pursued this case, in part, to end the defendants' practice of classifying workers as independent contractors. (Westfall Aff., Ex. B, Sandor Aff., Ex. C., Pls.' Mot. Att'ys Fees Costs.) In considering the plaintiffs' lack of success in pursuing their state claims, the limited financial success in regards

to the FLSA claim, and the success in ending the defendants' classification practice, I find that the plaintiffs were only partially successful in obtaining the relief sought.

The Supreme Court, in *Hensley*, addressed the issue of whether a partially prevailing party may recover attorneys' fees for work performed on unsuccessful claims. 461 U.S. at 434-36. The Court addressed two questions: "First, did the plaintiff fail to prevail on claims that were unrelated to the claims on which he succeeded? Second, did the plaintiff achieve a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award?" *Id*. at 434.

Here, the unsuccessful state claims were related to the successful FLSA claims. In fact, the injury complained of by the plaintiffs in their original complaint–that they had been misclassified as independent contractors by the defendant–is the basis for both the WPCA and FLSA claims. Both claims, therefore, involve a common core of facts. In such cases, the Supreme Court explained that "[m]uch of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis. Such a lawsuit cannot be viewed as a series of discrete claims." *Id*. at 435. Instead, explained the Supreme Court, "the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Id*.

In this case, plaintiffs' counsel has already reduced the statement of hours. Plaintiffs' counsel assert that the submitted statement does not include those hours "spent working on briefs responding to motions on which the plaintiffs did not prevail and those hours that could reasonably be considered to involve duplicate work." ( Pls.' Mot. Att'ys Fees Costs 7.) They also removed any hours spent working on the state court case and reduced the remaining hours by 20 percent. (*Id*.) The defendants argue that without the benefit of seeing which entries plaintiffs' counsel

eliminated, they are unable to gauge the extent to which the plaintiffs have reduced their time or whether any remaining entries should be eliminated. They also argue that the remaining entries bundle multiple tasks performed on the same day and are vague. As a result, the defendants argue "it is impossible to determine whether sufficient reductions were made." (Defs.' Resp. 11 [Docket 264].)

I agree. While I acknowledge that legal work is not an exact science and the nature of the work performed is not always capable of being capsulated precisely, the billing statements must be sufficiently detailed to support the claim that the time billed was expended reasonably. "The party seeking an award of fees should submit evidence supporting the hours worked and rated claimed. Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley*, 461 U.S. at 433. The entries made by plaintiffs' counsel, while sufficient in most contexts, are not sufficiently specific to allow the defendants, or the court, to determine to what issues the entries relate. For example, some entries simply list "research" or "discussions with co-counsel." It is impossible to determine whether the research or discussions listed in these entries related to the plaintiffs' state claims or the FLSA claim. The plaintiffs' elimination of some entries obfuscates the time records. Without the benefit of seeing what the plaintiffs eliminated, it is difficult to compare what remains. Further, as the Supreme Court noted in *Hensley*, when claims are related, it is "difficult to divide the hours expended on a claim-by-claim basis." *Id*. at 435.

I have not, however, reduce the plaintiffs' counsel's award of fees and costs on the ground that the billing documentation is inadequate. The shortfall of the billing documentation is not the documentation itself, but the plaintiffs' counsel's self-selected elimination of hours based on its characterization of whether those hours related to unsuccessful claims. In considering the fees and

cost sought by plaintiffs' counsel, this court, rather than plaintiffs' counsel, will adjust for unsuccessful claims pursuant to the factors provided by the Supreme Court and Fourth Circuit.

The defendants also contest several specific entries which they contend include work on unsuccessful motions. Although the plaintiffs contest whether these entries relate to unsuccessful motions or the FLSA claim, they agreed to reduce their fee request for these contested entries. (Pls.' Reply 17.) Accordingly, I deduct a total of $16,215.00 from the requested fee amount.[3]

After reviewing the limited success of the litigation, as well as the other listed factors, I conclude that the fees and costs sought by plaintiffs' counsel are excessive in light of the nature of this case and the proceedings before the court. Nevertheless, "[l]imited success does not preclude a substantial award of fees because a significant amount of attorney time and effort must go into prosecuting a case of this nature to achieve any level of success and because [FLSA cases] involve[] an important area of employment law." *Harrison-Belk v. Rockhaven Cmty. Care Home*, No. 3:07-54-CMC, 2008 WL 2952442, *3 (D.S.C. July 29, 2008). This is necessary because otherwise, "plaintiffs and counsel may be reluctant to bring suit at all." *Id.*

Both the court and the defendants acknowledge that plaintiffs' counsel are competent attorneys. The affidavits submitted by plaintiffs' counsel demonstrate the excellent experience, reputation, and abilities of plaintiffs' counsel. Plaintiffs' counsel actively litigated this case for almost three years, expending significant time and resources on its prosecution. As a result of the amount of time spent litigating the case, Plaintiffs' counsel contends that they have had to reduce

---

[3] (*See* Karlin Aff. 3-5, Pls.' Reply, Ex. A (reducing 16.6 hours at $300.00 per hour for Allan N. Karlin, 23.2 hours at $300.00 per hour for Jane E. Peak, and 17.1 hours at $250.00 per hour for Sophie E. Zdatny, totaling $16,215.00).)

the number of new clients they have been able to accept. At the outset of this case, plaintiffs' counsel entered into a contingent fee agreement with the plaintiffs. They recognized that although there is no customary fee in FLSA cases, the FLSA mandates an award of attorneys' fees and cost for a successful outcome.

In considering the reasonableness of an award, I can also consider the hourly rate requested by counsel. In considering this factor, I can review "affidavits reciting the precise fees that counsel with similar qualifications have received in comparable cases; information concerning recent awards by courts in comparable cases; and specific evidence of counsel's actual billing practices or other evidence of actual rates which counsel can command in the market." *Bluffington v. Baltimore County*, 913 F.2d 113, 130 (4th Cir. 1990). Plaintiffs' counsel submitted affidavits outlining the fees they charge hourly clients. They also submit affidavits of six attorneys who practice in the employment law field in West Virginia and who are familiar with plaintiffs' counsel. (*See* Pls.' Mot. Att'ys Fees Costs, Exs. O, P, Q, R, S, T.) The defendant does not dispute the reasonableness of plaintiffs' counsel's proposed hourly rates. Based on this, the affidavits submitted by plaintiffs' counsel, and the court's familiarity with the market rate in the area of employment law, I conclude that the rates proposed by plaintiffs' counsel are reasonable. Accordingly, I will use the following hourly rates: $300.00 for Allan N. Karlin and Jane E. Peak, $250.00 for Sophie Zdatny, $150.00 for Sarah E. Wagner, and $25.00 for law clerks.

I must, however, balance the amount of work necessary to achieve such results with the actual results sought. Here, I must conclude that the path taken to settlement was, simply put, not the most direct. Plaintiffs' counsel initially brought suit under West Virginia law. All of the claims asserted in its initial complaint were dismissed on summary judgment. Plaintiffs' counsel

acknowledges that "some errors were made in the litigation of this case, such as the failure to file a individual consent on April Westfall's behalf to join the collective action," but contends that "such errors did not affect the ultimate outcome of this case." (Pls.' Mot. Att'ys Fees Costs 18.) While these errors might not have affected the ultimate outcome, they did prolong the litigation and resulted in unnecessary briefs and filings. Plaintiffs' counsel contends that the issue of whether the plaintiffs and class are independent contractors or employees presented complex issues of fact and law justifying the significant hours in this case. (Pls.' Mot. Att'ys Fees Costs 17.) While I agree that the plaintiffs' status as employees or independent contractors involves mixed questions of law and fact, the law addressing the classification of workers is well-developed and frequently applied in the FLSA setting. Given the limited success of the plaintiffs, and the acknowledged errors made on the part of plaintiffs' counsel, I conclude that the fee requested by plaintiffs' counsel, while already reduced, should be further reduced to reflect these factors.

Plaintiffs originally sought an award for 938.4 hours. They reduced that amount by 194.5 hours, or approximately 20 percent to account for unsuccessful motions or duplicative work. This resulted in a total fee award of $188,909.00, reflecting 744.0 hours. Plaintiffs' counsel then further reduced the amount of hours by 20 percent, or 148.8 hours, resulting in a total award of $151,126.00, or 595.2 hours. In response to the defendants' objections, the plaintiffs agreed to further reduce the requested amount by $16,215.00, resulting in a total fee award of $134,911.00. Thereafter, plaintiffs' counsel requested an additional $11,625 for time spent preparing its reply and negotiating the language of the settlement documents. After this addition, the total requested fee is $146,536.00. I find it is necessary to take a further 10 percent reduction to take into account the limited nature of

the plaintiffs' success and the amount of work necessary to achieve such success. This further reduction results in a fee award of $131,882.00.

Plaintiffs' counsel seeks $14,233.96 in costs. The defendants dispute the costs sought by plaintiffs' counsel on the grounds that the plaintiffs' limited success cannot support the costs requested. I agree that a reduction in costs is necessary in order to reflect the limited nature of the plaintiffs' success and the reasonable amount of work and costs necessary to support this result. Accordingly, I find a reduction of 10 percent adequate, resulting in costs of $12,811.00.

For the foregoing reasons, the court **ORDERS** the defendants to pay plaintiffs' counsel reasonable attorney's fees of $131,882.00, plus costs of $12,811.00.

The court **DIRECTS** the Clerk to send a certified copy of this Order to counsel of record and any unrepresented party.

ENTER: August 15, 2008

Joseph R. Goodwin, Chief Judge